## BUCHBINDER v. CITY OF MIAMI, et al.

No. 74-429A.

Circuit Court, Dade County.

July 22, 1974.

Scott R. Anselmo of Fleming, O'Bryan & Fleming, Fort Lauderdale, for the plaintiff.

John S. Lloyd and S. R. Sterbenz for the defendant City of Miami.

James G. Mahorner, general counsel, for the defendant Department of Health and Rehabilitative Services.

DONALD E. STONE, Circuit Judge.

*Final judgment:* This cause came on to be heard upon the plaintiff's petition for extraordinary relief. This court has been presented with certain factual allegations which pose a possible conflict between the provisions of F.S. 39.12 and F.S. 959.225 and those of F.S. 741.24.

The basis for the action which ultimately led to this statutory conflict is the alleged malicious destruction by juveniles of plaintiff's dwelling on November 17, 1972. Damages are claimed to exceed $2,500.

The defendant, City of Miami, through its police and/or fire departments has investigated the incident and has in its possession documents relating to said investigation, including inspector's field notes and police and fire department records.

The defendant, Department of Health and Rehabilitative Services of the State of Florida, has indicated that it does not have possession or control of any of the documents sought and that no employee of its department has obtained any information in the discharge of his official duty relating to youth services. Said defendant therefore prays to be dismissed from this action. In the alternative, it asserts the privilege of F.S. 959.225.

Heretofore, plaintiff has been frustrated in his efforts to gain access to the records of the City of Miami fire and police departments from which he could determine the names and addresses of the alleged juvenile culprits. Said city authorities have refused to furnish any information and have asserted the confidentiality protection of F.S. 39.12.

Plaintiff contends that F.S. 741.24 permits him to obtain the relief sought because he has suffered property damage as a result of malicious and willfully destructive acts perpetrated by juveniles living with their parents.

It appears that no official complaint or other papers have been filed, nor records made by the Department of Health and Rehabilitative Services to activate the confidentiality protection of F.S. 959.225. Since no employee of said Department of Health and Rehabilitative Service has obtained any information about this subject incident in the discharge of any official duty, we are not involved here with the privilege afforded by F.S. 959.225.

The defendant, City of Miami, claims the protection of F.S. 39.12(4). But said defendant's fire and police departments clearly do not qualify as "any judge, counsellor, assistant counsellor, or employee of any juvenile court . . . in discharge of any official duty . . ." Therefore, the authorities presently in custody of the subject records were not intended as within those classes of persons referred to in F.S. 39.12(4).

Even assuming the reports sought were in the hands of an employee of the juvenile court or the State Department of Health and Rehabilitative Services, §741.24 clearly imbues persons who have suffered damages under the prescribed circumstances with the right to sue the parents of wrongdoing juveniles for their malicious or willfully destructive acts. Basic fairness dictates that the victims of such wrongful actions should be entitled to discover at least the identity and residence addresses of the minor wrongdoers and their parents. Otherwise, the statutory remedy afforded the citizens of this state by §741.24 would be emasculated, the intent of the legislature in enacting the statute would be totally ignored, and the provision iself would be rendered a nullity.

However, under circumstances where the information sought is in the possession of the juvenile court or Department of Health and Rehabilitative Services, §741.24 should not provide "carte blanche" access to records within the confidentiality umbrella of either §959.225 or §39.12(4). A claimant under §741.24 seeking the release of additional data beyond the names and addresses of the minors and their parents in order to prosecute a civil suit, should make application to this court for an "in camera" inspection of the documentation in question. The court could then make an ad hoc determination as to whether further disclosure is warranted.

Based upon the foregoing, it is ordered and adjudged —

That defendant, Department of Health and Rehabilitative Services, is dismissed from this cause because the records sought are not within that defendant's possession, custody or control.

That plaintiff' petition for extraordinary relief against the City of Miami is granted to the extent set forth below.

That defendant, City of Miami, shall furnish to the plaintiff such names and addresses as are in their possession of all minors in any way connected with the incident alleged in plaintiff's petition within 10 days from the date of this order.

That the City of Miami shall furnish to the plaintiff the full names and addresses as are in its possession of the parents of all the minors referred to above within 10 days of the date of this order.

Nothing in this final judgment shall preclude the defendant, City of Miami, from disclosing any further information voluntarily in the case at bar, since the custodian of the records sought is not within the penumbra of those persons covered by F.S. 39.12(4) or F.S. 959.225.

That the respective parties bear their own costs in this action.